IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MANITH VILAYHONG,<br>    Plaintiff,<br><br>v.<br><br>MORSE, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04225-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at East Moline Correctional Center ("East Moline"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Defendants Lieutenant Francis and Correctional Officers Morse and Jones.

1

In April 2025, Plaintiff filed a complaint under the Prison Rape Elimination Act ("PREA") against Allison Sebastian, a Correctional Officer at East Moline. Plaintiff filed a separate lawsuit against Officer Sebastian on July 1, 2025. *Vilayhong v. Sebastian*, Case No. 25-4128-CRL, Doc. 1 (C.D. Ill.).

Plaintiff alleges Officer Sebastian was Defendant Morse's girlfriend. Defendant Morse allegedly retaliated against Plaintiff for filing a PREA complaint against Officer Sebastian. At approximately 6:00 a.m. on April 30, 2025, a Tactical Response Team entered Plaintiff's housing unit. Defendant Jones led the charge. When they reached Plaintiff's cell, Defendant Morse ordered Plaintiff to strip naked and inspected his penis, testicles, and rectum. Plaintiff alleges the strip search was "humiliating and dehumanizing." (Doc. 1 at p. 3). After completing the strip search, Defendant Morse ordered Plaintiff to get dressed, handcuffed him, and escorted him into the hallway. Plaintiff saw Defendant Jones, who appeared to be hiding against the back wall of the hallway. Defendant Morse escorted Plaintiff to the dietary, where Plaintiff remained for two hours while the tactical team shook down the housing unit.

When Plaintiff returned to his cell, he discovered some of his items had been stuffed inside a box and covered with body wash, Vaseline, instant coffee, mackerel fish steaks, and water, which created a "mucky soup." *Id.* at p. 4. Plaintiff's glasses, clothing, legal materials, playing cards, electronics, photos of his girlfriend, and Buddhist prayer beads had been damaged or destroyed. Plaintiff alleges he later discovered Defendant Morse shook down his cell.

Plaintiff alleges Defendant Tact Commander Francis was in charge of supervising Defendants Morse and Jones during the shakedown and either "turned a blind eye" to his subordinates destroying Plaintiff's property or condoned their actions. *Id.* at p. 6.

Approximately five days after the shakedown, Defendant Jones allegedly "got caught harassing Plaintiff at a Mental Health Session." *Id.* at p. 7.

### III

Plaintiff's account is sufficient to state an Eighth Amendment claim for harassment against Defendant Morse, who allegedly performed a "humiliating and dehumanizing" strip search after Plaintiff filed a PREA complaint against Officer Sebastian. "A prison guard carrying out a prison security measure can violate the Eight Amendment in one of two ways: by maliciously inflicting pain or injury, *see Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012), or by performing some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires,' *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)." *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014).

Plaintiff also states a First Amendment retaliation claim against Defendant Morse for conducting a strip search and a shakedown of his cell and damaging his personal property because Plaintiff filed a PREA complaint against Officer Sebastian. *See Daugherty v. Harrington*, 906 F.3d 606, 610 (7th Cir. 2018) ("To prevail on a First Amendment retaliation claim, [a plaintiff] must show: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the defendants' decision to retaliate.").

However, Plaintiff does not state a claim based on the property damage itself. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL 6054823, at *2 (S.D. Ill.

Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted).

Plaintiff's allegations are insufficient to proceed on a claim against Defendant Jones, as it is unclear whether Defendant Jones personally participated in the strip search or shakedown.

Plaintiff alleges Defendant Francis is liable because he allowed his subordinates to destroy his property during the shakedown. However, there is no *respondeat superior* under § 1983. In other words, Defendant Francis cannot be liable based only on his supervisory role as Tact Commander. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

Defendants Jones and Francis are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed against Defendant Morse on (1) an Eighth Amendment harassment claim based on the strip search conducted on April 30, 2025, and (2) a First Amendment retaliation claim for

allegedly conducting a strip search, shaking down Plaintiff's cell, and damaging his property because he filed a PREA complaint against Officer Sebastian. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Jones and Francis are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Jones and Francis.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no

response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided with a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 12, 2026

s/Jonathan E. Hawley
U.S. District Judge